IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-12-0395 |
| | § | |
| ALBERT CURTIS VENSON IV | § | |

ORDER OF REVOCATION OF RELEASE AND DETENTION PENDING TRIAL

By petition dated January 22, 2013, Defendant Albert Curtis Venson IV is charged with violating one of the conditions of his pretrial release. In accordance with the Bail Reform Act, 18 U.S.C. § 3148(b), a revocation hearing was held on March 6, 2013. I conclude that the following facts are established by clear and convincing evidence and require the revocation of release and detention of the above-named defendant pending trial in this case.

1. Defendant is charged with conspiracy and making false statements to a federal firearms licensee in violation of 18 U.S.C. § 924.

3. Defendant was granted pre-trial release on July 11, 2012. His release was premised on several conditions, including that he not commit any offense in violation of federal, state, or local law and that he report to U.S. Pretrial Services on a regular basis.

4. On August 3, 2012, Harris County charged defendant with theft. On January 14, 2013 he pleaded guilty and was sentenced to 30 days confinement. On January 12, 2013 he was arrested in Harris County for failure to identify to a police office and possession of marijuana. Those charges were dismissed upon the theft conviction. Defendant did not report to Pretrial Services as directed on December 11, 2012. He is currently in custody in Harris County jail.

5. It is apparent that Venson had violated the terms of his supervised release. Upon release from state custody, he is at risk of continuing violations.

6. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Revocation of release and detention are ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.

On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on March 6, 2013.

_____
Stephen Wm Smith
United States Magistrate Judge